UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA SHKURATOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FARM NECK ASSOCIATION, INC. d/b/a FARM NECK GOLF CLUB, PASCAL BITOUN, TIMOTHY D. SWEET, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Anna Shkuratova ("Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, hereby sets forth this representative action against Farm Neck Association, Inc. d/b/a Farm Neck Golf Club, Pascal Bitoun, Timothy D. Sweet, and John and Jane Does 1-10, (collectively "Defendants") for violation of the Fair Labor Standards Act under 29 U.S.C. § 216(b), Massachusetts G.L. c. 151 § 1A, and Massachusetts common law as follows:

### PRELIMINARY STATEMENT

1. This is a proceeding for monetary damages and equitable relief relating to Defendants' violations of the Fair Labor Standard Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201 *et seq.,* and Massachusetts statutory and common law Massachusetts G.L. c. 151 § 1 *et seq.*; G.L. c. 149 § 148, concerning Plaintiff and those employees similarly situated. These similarly situated employees are referred to herein as "Class Members."

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under 29 U.S.C. § 216(b).

3. Plaintiff invokes supplemental jurisdiction over claims arising under Massachusetts law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 since the allegations contained herein occurred in this district at, in, or around Defendants' place of business located at 1 Farm Neck Way, Oak Bluffs, Massachusetts 02667.

## THE PARTIES

5. Plaintiff Anna Shkuratova is an individual who is a resident of Vineyard Haven, Massachusetts.

6. Defendant Farm Neck Association, Inc. d/b/a Farm Neck Golf Club ("Farm Neck") was and still is a domestic nonprofit corporation organized and existing under the laws of the State of Massachusetts with a principal place of business at P.O. Box 1656, Farm Neck Way, Oak Bluffs, Massachusetts 02557.

7. Defendant Pascal Bitoun ("Bitoun") is an individual residing in the State of Massachusetts who serves as the manager at the Café at Farm Neck and is the direct supervisor of Plaintiff and certain of the Class Members.

8. The Defendant Timothy D. Sweet ("Sweet") is an individual residing in the State of Massachusetts who serves as the General Manager at Farm Neck, and manages departments

including, but not limited to, the Café located at Farm Neck and is a direct supervisor of Plaintiff and the Class Members.

9. The Defendants John and Jane Does 1-10 are individuals residing in the State of Massachusetts, who have yet to have been identified, but who served or serve as managers at Farm Neck and are direct supervisors of Plaintiff and/or the Class Members.

## FACTUAL ALLEGATIONS

10. Farm Neck operates the golf club at 1 Farm Neck Way, Oak Bluffs, Massachusetts 02557.

11. Farm Neck is an enterprise engaged in commerce, pursuant to 29 U.S.C. § 203(s)(1) as Farm Neck's annual gross volume of sales exceeds $500,000, and its employees (including Plaintiff and Class Members) handle goods that have been moved in or have been produced in commerce.

12. Defendants acted or continue to act, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

13. Bitoun, Sweet, John and Jane Does 1-10 actively supervise(d) Plaintiff and Class Members activities on a day-to-day basis and are/were responsible for the management and operations of Farm Neck.

14. Bitoun, Sweet, John and Jane Does 1-10 directly supervised Plaintiff's and Class Members' working hours and compensation for those hours.

15. Defendants were each and still are individually considered "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d) and Massachusetts G.L. c. 149 § 1.

16. From on or about May 9, 2016 to on or about September 17, 2016, Plaintiff was employed by Defendants.

3

17. Plaintiff was employed by the Defendants as a cook in the Café at Farm Neck, which was operated and managed by Defendants. Plaintiff primarily performed tasks related to food preparation, including, but not limited to, seasoning and cooking food, selecting local and foreign ingredients, and arranging dishes for presentation to club members and guests.

18. Plaintiff was a covered employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and Massachusetts G.L. c. 149 § 1.

19. Plaintiff, during her employment with Defendants, was entitled to be compensated for each hour worked.

20. Defendants were obligated to pay Plaintiff, as a non-exempt employee, at a rate not less than the minimum hourly wage for each hour worked. 29 U.S.C. § 206; MGL c.151 §§ 1 & 2.

21. Plaintiff was required to be compensated at an hourly rate in compliance with the FLSA, proscribing a minimum rate of $7.25 per an hour, and Massachusetts minimum wage law, proscribing a minimum rate of $10.00 per an hour. 29 U.S.C. § 206; MGL c.151 §§ 1 & 2.

22. Defendants have violated the aforementioned statutory requirements by consistently failing to compensate Plaintiff in accordance with the prevailing minimum wage rate.

23. Plaintiff was required to be paid overtime at a statutory rate of not less than one and one-half (1 and 1/2) times her regular rate of pay after she had worked forty (40) hours in a single week. 29 U.S.C. § 207; MGL. C. 151, § 1A, 1B.

24. Plaintiff regularly worked in excess of forty (40) hours per week while employed by Defendants and was not properly compensated for the overtime hours worked.

25. In addition to failing to compensate Plaintiff for regular and overtime hours, Defendants directed Plaintiff to work off the clock and/or without documentation, in order to avoid paying Plaintiff proper compensation for such hours in violation of MGL c. 149 § 148.

26. Plaintiff was subject to Defendants' common practices, policies, or plans, including, failing to pay at least minimum wage for all regular hours worked, failing to pay at least one and one-half (1 and 1/2) times the regular rate of pay for hours worked in excess of forty (40) hours per week, failing to compensate Plaintiff and Class Members for hours worked off the clock, and failing to keep accurate time and payroll records in violation of the FLSA.

27. Plaintiff Anna Shkuratova has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). Her consent form is attached hereto as Exhibit A.

## COLLECTIVE ACTION ALLEGATIONS

28. The Class Members of similarly situated persons, under 29 U.S.C. § 203(e)(1), consist of all current and former non-exempt employees of Farm Neck who were not paid minimum and/or overtime wages in the past three years.

29. The Class Members consist of certain subclasses of employees who were not paid minimum and/or overtime wages, as well as for hours worked off the clock by Defendants in the past three years, including: (1) "Subclass A" which are those members who worked in the kitchen or back of house in the Café at Farm Neck, including, but not limited to, the Plaintiff; (2) "Subclass B" which are those members who worked in the front of house of the Café at Farm Neck, including, but not limited to, wait staff and busboys; (3) "Subclass C" which are those members who worked on, or whose work concerned, the golf course at Farm Neck, including, but not limited to, golf professionals, pro shop salespersons, and others; (4) "Subclass D" which are those members who worked at Farm Neck doing maintenance work; (5) "Subclass E" which

are those members who worked on, or whose work concerned, the tennis courts at Farm Neck, including, but not limited to, tennis professionals, pro shop salespersons, and others.

30. Plaintiff and the Class Members have been victimized by Defendants' patterns, practices, and policies that are in violation of the FLSA and the related statutory and common law of the State of Massachusetts. The Class Members are similarly situated to Plaintiff because they performed similar, non-exempt job duties, and were denied minimum and overtime wages during the relevant time period or were forced to work off the clock.

31. Questions of law and fact common to the class as a whole include, but are not limited to, the following:

1. Whether Defendants failed, and continue to fail, to pay minimum wage compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

2. Whether Defendants failed, and continue to fail, to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

3. Whether Defendants' policies and practices concerning their failure to pay overtime and minimum wage to Plaintiff and the Class Members violate the applicable provisions of the FLSA;

4. Whether Defendants' failure to pay minimum wage and overtime to Plaintiff and the Class Members constitutes a willful violation within the meaning of the FLSA;

5. Whether Defendants failed, and continue to fail, to make accurate records of actual time worked by Plaintiff and the Class Members;

6. Whether Defendants failed, and continue to fail, to maintain accurate records of actual time worked by Plaintiff and the Class Members;

7. Whether Defendants failed, and continue to fail, to report all actual time worked by Plaintiff and the Class Members; and

8. Whether Defendants failed, and continue to fail, to preserve accurate records of actual time worked by Plaintiff and the Class Members.

32. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff on behalf of herself and the Class Members, because Plaintiff's claims are similar to, and typical of, the claims of the Class Members.

33. Plaintiff and the Class Members are similarly situated, have/had substantially similar job requirements and pay provisions, and were/are subject to Defendants' common practices, policies, or plans, including, failing to pay at least minimum wage for all regular hours worked, failing to pay at least one and one-half (1 and 1/2) times the regular rate of pay for hours worked in excess of forty (40) hours per week, failing to compensate Plaintiff and Class Members for hours worked off the clock, and failing to keep accurate time and payroll records in violation of the FLSA.

## FIRST COUNT
### (FLSA Claims Against Defendants)

34. Plaintiff, individually and on behalf of the Class Members, repeats and realleges each and every allegation contained in the foregoing paragraphs, with the same force and effect, as if fully alleged herein.

35. Plaintiff and the Class Members were and are entitled to be paid minimum wage and overtime compensation for all applicable hours worked. 29 U.S.C. § 201 *et seq*; G.L. c. 151 § 1 *et seq*.

36. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a regular rate not less than the minimum wage, and an overtime rate of not less than one and one-half (1 and 1/2) times the regular rate of pay for work performed in excess of forty (40) hours a week.

37. Plaintiff and the Class Members were and are paid hourly and are not exempt from the right to receive overtime pay under the FLSA.

7

38. Defendants have a policy and practice of failing and refusing to pay minimum wage and/or overtime to Plaintiff and the Class Members for their regular hours, as well as the hours worked in excess of forty (40) hours per week.

39. Defendants also have a policy and practice of directing the Plaintiff and Class Members to work off the clock and/or without documentation, all without proper compensation.

40. As a result of the foregoing, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.,* including 29 U.S.C. § 206(a)(1), 207(a)(1) and § 215(a).

41. Defendants have failed to make, keep, and preserve records with respect to Plaintiff and the Class Members, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

42. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. By virtue of the foregoing, Plaintiff, on behalf of herself, and the Class Members are entitled to: (i) damages in the amount of unpaid wages and overtime compensation, (ii) liquidated damages as provided by the FLSA, 29 U.S.C. §216(b), (iii) recovery of their attorneys' fees and costs associated with this cause of action as provided for by 29 U.S.C. §216(b), and (iv) other such legal and equitable relief as the Court deems just and proper.

## SECOND COUNT
### (Violation of Massachusetts Statutory Law)

44. Plaintiff, individually and on behalf of the Class Members, repeats and realleges each and every allegation contained in the foregoing paragraphs, with the same force and effect, as if fully alleged herein.

45. Massachusetts law requires each covered employer, such as Defendants, to compensate all non-exempt employees at a regular rate not less than minimum wage, and an overtime rate of not less than one and one-half (1 and 1/2) times the regular rate of pay for work performed in excess of forty (40) hours per week. G.L. c. 151 §§ 1 & 2; G.L. c. 151 § 1, 1A, 1B

46. Defendants have failed to pay Plaintiff and the Class Members minimum wages and overtime wages at a rate of not less than one and one-half (1 and 1/2) times the regular rate of pay for work performed in excess of forty (40) hours per week in violation of Massachusetts G.L. c. 151 §§ 1 & 2 and G.L. c. 151 § 1, 1A, 1B.

47. In addition, Defendants have directed the Plaintiff and Class Members to work off the clock and/or without documentation, all without proper compensation in violation of G.L. c. 149 § 148.

48. By virtue of the forgoing, Plaintiff, on behalf of herself, and the Class Members, are entitled to: (i) damages in the amount of their respective unpaid minimum wages and overtime compensation, (ii) recovery of their attorneys' fees and costs associated with this cause of action as provided by Massachusetts G.L. c. 151 § 1B, plus trebled damages as provided by Massachusetts G.L. c. 151 § 1B, and (iii) other such legal and equitable relief as the Court deems just and proper.

### THIRD COUNT
### (Breach of Contract)

49. Plaintiff, individually and on behalf of the Class Members, repeats and realleges each and every allegation contained in the foregoing paragraphs, with the same force and effect, as if fully alleged herein.

50. Defendants made contractually binding promises to Plaintiff and the Class Members to pay them for all time worked, pursuant to the applicable law.

51. Plaintiff and the Class Members accepted those promises and provided valid consideration in exchange, including, but not limited to, the actual time worked for Defendants.

52. Defendants breached such promises when, Defendants failed to properly compensate Plaintiff pursuant to applicable law.

53. By virtue of the foregoing breach, Plaintiff and the Class Members have suffered direct, incidental, and consequential damages in an amount to be determined according to proof at trial, plus interest, together with attorneys' fees, costs and expenses incurred in connection with this action, and other such legal and equitable relief as the Court deems just and proper.

## FOURTH COUNT
### (Unjust Enrichment)

54. Plaintiff, individually and on behalf of the Class Members, repeats and realleges each and every allegation contained in the foregoing paragraphs, with the same force and effect, as if fully alleged herein.

55. At the instance and request of the Defendants, Plaintiff and the Class Members rendered services in the form of work to Defendants in good faith with an expectation of reasonable, proper, and legal compensation. The services rendered by Plaintiff and the Class Members were accepted by Defendants without objection, complaint, or protest.

56. Defendants failed to compensate Plaintiff and the Class Members for the reasonable value of these services performed on Defendants' behalf.

57. By virtue of the foregoing, Plaintiff and the Class Members have been damaged in an amount equivalent to the reasonable value of the services rendered to Defendants, an amount to be determined according to proof at trial, plus interest, together with attorneys' fees, costs and expenses incurred in connection with this action and, any other such equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff Anna Shkuratova, individually, and on behalf of all other similarly situated persons, demand judgment against Defendants in their favor and that they be given the following relief:

1. Certification of this action as a collective action on behalf of the Plaintiff and the Class Members pursuant to the FLSA, 29 USC § 216(b), and a prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in Class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b) and equitable tolling of the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

2. That the Court determine that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

3. That the Court determine that the practices complained of herein are unlawful under Massachusetts G.L. c. 151 §§ 1 & 2; G.L. c. 151 § 1, 1A, 1B; and G.L. c. 149 §148;

4. That Defendants' violations of the FLSA and Massachusetts G.L. c. 151 § 1, 1A, 1B be found to be willful;

5. An award of damages equal to the value of Plaintiff's and the Class Members' unpaid wages and overtime wages;

6. Liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which was not properly paid to Plaintiff and Class Members;

7. An award of treble damages pursuant to Massachusetts G.L. c. 151 § 1B;

8. Reasonable attorneys' fees and costs incurred in vindicating Plaintiff's and Class Members' rights;

9. Prejudgment and post judgment interest, as provided by law; and

10. Any and all other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully submitted for the Plaintiffs,

By their Attorneys,
WYNN & WYNN, P.C.


  /s/ Thomas E. Pontes
Thomas E. Pontes, BBO #402980
90 New State Highway
Raynham, MA 02767
Phone: (508) 823-4567
Fax:    (508) 822-4097
Email:  tpontes@wynnandwynn.com

Dated: March 7, 2017