UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA SHKURATOVA,<br><br>Plaintiff<br><br>v.<br><br>THE LINKS AT MARTHA'S VINEYARD, INC.<br>FARM NECK ASSOCIATION, INC.,<br>PASCAL BITOUN and<br>TIMOTHY D. SWEET,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) C. A. No. 1:17-CV-10388-GAO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT FARM NECK ASSOCIATION, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This action involves federal and state law wage claims brought by Anna Shkuratova ("Plaintiff") arising out of her employment from April to September 2016 as a line cook in the Café at Farm Neck, a restaurant owned and operated by the Defendant, The Links At Martha's Vineyard, Inc. ("Employer" or "Defendant-Employer") at the Farm Neck golf and tennis facility located in Oak Bluffs, Massachusetts, on the Island of Martha's Vineyard. The Plaintiff alleges that she should have been paid overtime for her work in excess of 40 hours per workweek pursuant to federal and state law; that she was paid less than minimum wage under federal and state law; that she was not paid for all her work hours; and that she has additional state law claims for breach of contract and unjust enrichment. The Defendants assert in defense that they were exempt from paying

1

overtime under the Fair Labor Standards Act as an "amusement or recreational establishment that operated on a seasonal basis," (29 U.S.C. § 213(a)(3)); that they paid the Plaintiff more than the applicable minimum wage for her work; that the Plaintiff did not work "off the clock" for the Defendants; and that they also have various other defenses to the state law claims, including that restaurant workers are exempt from state overtime requirements. Defendant Farm Neck Association, Inc. asserts that it did not employ Ms. Shkuratova in any capacity.

Plaintiff filed a Motion for Preliminary Certification, which the Defendants have opposed, and it is pending before this Court. Plaintiff has tried to convince other current or former workers of the Defendant-Employer to join, but she has so far secured only three additional potential plaintiffs. Defendant Farm Neck Association, Inc. now moves for summary judgment on all claims because it never employed Ms. Shkuratova. Additionally, it joins the other Defendants in their motion for summary judgment.

## FACTUAL BACKGROUND

Defendant The Links At Martha's Vineyard, Inc. is the corporate owner and operator of the Farm Neck Golf Club in Oak Bluffs on Martha's Vineyard. The club consists of tennis and golf facilities and a restaurant called The Café at Farm Neck. Defendant Farm Neck Association, Inc. is a Massachusetts non-profit corporation formed to improve and maintain particular residences in the Farm Neck area of Oak Bluffs. Its members are the owners of those residences, most of whom do not live on Martha's Vineyard year-round.

Farm Neck Association, Inc. does not have any employees other than its officers and directors. It holds no ownership interest in the Farm Neck Golf Club, nor in the Café at Farm Neck.

The Plaintiff worked as a line cook in the Café at Farm Neck in 2016. She did not work for Farm Neck Association, Inc. at any time.

## ARGUMENT

### I.   Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact remain. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Summary judgment is to be granted "where there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *SCA Services, Inc. v. Transportation Ins. Co.*, 419 Mass. 528, 531 (1995). "'A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party.'" *Rodriguez-Rivera v. Federico Trilla Reg'l Hosp.*, 532 F.3d 28, 30 (1st Cir. 2008) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2005). "'[A]s to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party.'" *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (quoting *Century 21 Balfour Real Estate v. Menna*, 16 F.3d 7, 9 (1st Cir. 1994)).

## II. The Defendant is Entitled to Summary Judgment in its Favor on The First Count of The Amended Complaint

The Plaintiff has asserted three theories justifying her recovery under the FLSA against the Defendant: (1) failing to pay her the statutorily-mandated minimum wage; (2) failing to pay her for all hours she worked by forcing her to work "off-the-clock"; and (3) failing to pay her time-and-one-half for her overtime hours worked. These theories all fail because this Defendant was not her employer and did not owe her any wages.

In her First Count, the Plaintiff asserts that Farm neck Association, Inc. was her employer under the FLSA, which defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 31 (1961). The test for employment under the FLSA requires that a Court look to the "economic reality" rather than to strict agency principles. *Goldberg v. Whitaker*, 366 U.S. at 33. Some of the factors bearing on the existence of an employment relationship are: who afforded the plaintiff the opportunity to work; who paid her for her work; who sets the price for her work product; who can hire or fire her; who has substantial control of the terms and conditions of her work. *Falk v. Brennan*, 414 U.S. at 195; *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. at 33.

In the instant case, the record indicates that Defendant Farm Neck Association, Inc. did not have any ownership interest in the golf club, nor did it exercise any control over the operations of the golf club where the Plaintiff performed her line cook duties. Defendant Farm Neck Association, Inc. did not hire the Plaintiff, and she did not render any services to it. Defendant Farm Neck Association, Inc. did not set the work hours for the Plaintiff or any of the kitchen staff.

Defendant Farm Neck Association, Inc. is a non-profit corporation that operates for the benefit of particular homeowners in the Farm Neck area of Oak Bluffs who do not reside in those residences year-round. It did not employ the Plaintiff in any capacity and is not liable to the Plaintiff for any wages. The Court should grant it summary judgment on all federal claims in Count I of the operative complaint.

**III.    If the Court Resolves the First Count Federal Claims in Favor of the Defendant, the Court Should Use Its Discretion to Dismiss the Remaining State Law Claims in the Second, Third and Fourth Counts.**

The Court should grant summary judgment to the Defendant on all the federal claims, which would leave only state law claims. In that instance, where the Court has disposed of all claims over which it has original jurisdiction, it should decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367 (c) (3); *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Eves v. LePage*, 842 F.3d 133, 146 (1st Cir. 2016); *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995). In some instances, such as where the state court can better address the substantial state law issue, such as the state-law exemptions and state-law administrative non-compliance asserted here by the Defendants, it can be an abuse of discretion to retain jurisdiction over the state law claims. *Wilber v. Curtis*, 872 F.3d 15, 23 (1st Cir. 2017). The Court should decline to hold onto those claims here.

## CONCLUSION

For all the above-stated reasons, the Court should grant summary judgment to the Defendant on all federal claims contained in the First Count of the Amended Complaint, and it should choose not to exercise its supplemental jurisdiction over the remaining state law claims contained in the Second, Third and Fourth Counts of the Amended Complaint.

THE DEFENDANT,
Farm Neck Association, Inc.
By its attorneys

/s/ Austin M. Joyce
Austin M. Joyce, Esq.
Reardon, Joyce & Akerson, P.C
4 Lancaster Terrace
Worcester, MA 01609
508-754-7285
BBO# 255040
ajoyce@rja-law.com

/s/ John M. Collins, Esq.
Collins & Associates
47 Memorial Drive
Shrewsbury, MA 01545-4028
508-523-9731
BBO# 092580
jackmcopa@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Defendant Farm Neck Association, Inc.'s Memorandum Of Law In Support Of Its Motion For Summary Judgment, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on May 4, 2018.

/s/ Austin M. Joyce
Austin M. Joyce