UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10388-GAO

ANNA SHKURATOVA, Individually and on Behalf of All Others Similarly Situated,
Plaintiff,

v.

FARM NECK ASSOCIATION, INC., d/b/a FARM NECK GOLF CLUB, THE LINKS AT MARTHA'S VINEYARD, INC., PASCAL BITOUN, TIMOTHY D. SWEET, and JOHN and JANE DOES 1–10,
Defendants.

OPINION AND ORDER
September 17, 2018

O'TOOLE, D.J.

The plaintiff, Anna Shkuratova, brings a putative class action against Farm Neck Association, Inc., The Links at Martha's Vineyard, Inc., Pascal Bitoun, and Timothy D. Sweet, alleging violations of the Fair Labor Standards Act ("FLSA") and similar state laws. The gravamen of the complaint is that the defendants failed to pay the plaintiff overtime for hours she worked in excess of forty per week.[1] Shkuratova has moved for class certification. The defendants have opposed class certification and have also moved for summary judgment, contending that the plaintiff's employer is a seasonal amusement or recreational establishment exempt from the FLSA's overtime requirements. See 29 U.S.C. § 213(a)(3).

The following facts are undisputed:

---

[1] In her complaint, the plaintiff also alleges that the defendants failed to pay minimum wage and instructed employees to work "off of the clock," but it does not appear that the plaintiff is pursuing relief on those two theories. To the extent that she presses them, the defendants are entitled to judgment as a matter of law on any FLSA claim based those theories for the reasons articulated by the defendants in their memorandum. (Defs.' Mem. of Law in Supp. of their Mot. for Summ. J. 5–6 (dkt. no. 42).)

The Links at Martha's Vineyard, Inc. ("The Links") is a Massachusetts corporation and the plaintiff's actual former employer. It does business as Farm Neck Golf Club ("Golf Club").[2] Anna Shkuratova was hired as a line cook at the Golf Club in May 2016. She started on May 9, 2016, at $15.00 per hour. Her hourly rate increased to $16.00 beginning June 27, 2016. On several occasions, she worked over forty hours in one week and was not compensated at a rate higher than her regular hourly rate.

The Golf Club has several operating departments, including golf, tennis, maintenance, a restaurant, and administration. It is a membership club but its facilities are also open to the public for a fee. It operates on a seasonal basis with slight differences among activities. Tennis usually opens at the beginning of May and closes on November 1, golf operates from mid-April through December 24, and the restaurant operates from mid-April through late November.

The FLSA generally requires that employees be compensated for hours worked in excess of forty in a single workweek at a rate of pay of not less than one and one-half times the employee's regular rate. 29 U.S.C. § 207(a)(1); Cash v. Cycle Craft Co., 508 F.3d 680, 682–83 (1st Cir. 2007). It also establishes various exemptions from this general rule, including an exemption from the overtime requirement for seasonal amusement or recreational establishments. This exemption provides that the FLSA's overtime provisions shall not apply with respect to:

> any employee employed by an establishment which is an amusement or recreational establishment, organized camp, or religious or non-profit educational conference center, if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33 ⅓ per centum of its average receipts for the other six months of such year . . . .

---

[2] As to the other defendants, Farm Neck Association, Inc. is a homeowners corporation legally unaffiliated with The Links, Timothy D. Sweet is the general manager of the Golf Club, and Pascal Bitoun is the Golf Club's restaurant manager.

29 U.S.C. § 213(a)(3). The employer shoulders the burden of establishing that it is entitled to an exemption. Reich v. Newspapers of New Eng., 44 F.3d 1060, 1070 (1st Cir. 1995).

There does not appear to be any dispute that the Golf Club qualifies as "an amusement or recreational establishment."[3] See 29 C.F.R. § 779.385 (defining "amusement or recreational establishments"); Hays v. City of Pauls Valley, 74 F.3d 1002, 1006 (10th Cir. 1996) (finding that defendant city satisfied the requirements of the recreational establishment exemption for golf course); Brock v. Louvers & Dampers, Inc., 817 F.2d 1255, 1259 (6th Cir. 1987) (concluding that private, for-profit golf club "may avail itself of the exemption if it meets the seasonality requirements").

The critical issue then is whether the Golf Club qualifies for the exemption under either the seasonal operation test in subpart A or the receipts test in subpart B. The Golf Club as a whole, and the restaurant in particular, operate for more than seven months in the calendar year, and therefore the club does not qualify under the seasonal operation test.

The Golf Club, however, has demonstrated that it satisfies the receipts test. See Hill v. Del. N. Cos. Sportservice, Inc., 838 F.3d 281, 295–96 (2d Cir. 2016); Hays, 74 F.3d at 1006. According to financial data presented in the record, (see Defs.' Mot. for Summ. J. on All Federal Claims, Ex. D at ¶ 12 (dkt. no. 40-4)), during the calendar year preceding the plaintiff's employment, 2015, the months with the highest receipts for the Golf Club's operations were April, May, June, July, August, and September. The total receipts for those months were $5,979,081.31 with a monthly average of $996,513.55. The lowest six months were January, February, March, October, November, and December. The total receipts for those months were $456.753.59, with a monthly

---

[3] The plaintiff agrees that the restaurant and the remaining Golf Course facilities should be considered a single establishment. (See Pl's Opp'n to Def.'s Mots. For Summ. J. 5 (dkt. no. 49).)

3

average of $76,125.60. The lowest six months were therefore only 7.6% of the highest six months, well below the statute's 33⅓% threshold.

The Golf Club satisfies the receipts test even if only the restaurant figures are considered. In the calendar year 2015, the average monthly receipt for its highest six months, May, June, July, August, September, and October, was $192,792.88, and its average for its lowest six months, January, February, March, April, November, and December, was $12,277.85. The lowest six months were therefore only 6.4% of its highest.

Because the Golf Club is a recreational or amusement establishment as defined in the statute and its average receipts for the six lowest months in 2015 were not more than 33⅓% of the average receipts for the six highest months, the Golf Club qualifies for the statutory exemption from overtime requirements under 29 U.S.C. § 213(a)(3).[4] The defendants are therefore entitled to judgment as a matter of law on the FLSA overtime claim.

For the foregoing reasons, summary judgment is GRANTED in favor of the defendants as to the FLSA claims. I decline to retain jurisdiction over the remaining purely state claims, see Wilber v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017), and they are therefore dismissed without prejudice to their reassertion in an appropriate state forum. In light of these conclusions, it is unnecessary to consider the question of class certification.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[4] In multiple audits of the Golf Club's records over the years, the United States Department of Labor reached the same conclusion.